## (May 18, 1967)

■ Russell Cappano, Appellant, v. Phoenix Assurance Company of New York, Respondent. Memorandum: This is an appeal by plaintiff from a judgment dismissing the complaint entered upon a jury verdict of no cause of action. Plaintiff's action is for damages representing the excess recovery against him over policy limits on a negligence claim resulting from the defendant liability carrier's failure in good faith to protect the interests of the plaintiff in the course of settlement negotiations and in the course of trial. The policy was for $10,000 and the verdict against plaintiff was for $10,000 in the husband's derivative action and $18,000 in the wife's action. While Item II(a) of the Insuring Agreement between the parties relating the duty of the defendant company to defend suits against the plaintiff insured provides that "the Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient" such provision does not relieve the company of its duty to perform under its contract in such a manner as to consider fairly and in good faith the interests of the insured. As was stated in *Harris* v. *Standard Acc. & Ins. Co.* (191 F. Supp. 538, 540 [Kaufman, J.]), cited with approval in *Brown* v.

*United States Fid. & Guar. Co.* (314 F. 2d 675) : " Since the company, therefore, has power, through the control of settlement, to adversely affect the insured's interests, it must necessarily bear a legal responsibility for the proper exercise of that power. Thus, the law imposes upon the insurer the obligation of good faith — basically, the duty to consider, in good faith, the insured's interests as well as its own when making decisions as to settlement. Bad faith — the failure to comply with this obligation — is generally proven by evidence largely circumstantial in nature." The trial court while recognizing liability of the defendant company if bad faith in refusing to settle was established, defined bad faith in such terms as to completely negate the good faith settlement standard by charging as elements " a sinister motive — guilty knowledge — an intent to do harm or deprive another of his just rights and property — a willful refusal to carry out an obligation with intent to injure — the deliberate doing of something the actor knows to be wrong." Such a charge was erroneous and highly prejudicial. The court's charge also as to the consideration the jury could give various acts of the defendant on the issue of bad faith was erroneous and prejudicial in that it removed a factual issue from the jury. (Appeal from judgment of Chautauqua Trial Term, dismissing complaint in an action on an automobile liability policy.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.